UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
(Newark)

|  |  |
|---|---|
| ESMERLIN PIMENTEL,<br><br>Plaintiff,<br><br>v.<br><br>PARK PLACE OF NEW JERSEY, LLC d/b/a DIP'S LUXURY MOTORS; SALVADOR DIP and CAPITAL ONE AUTO FINANCE, INC. a division of CAPITAL ONE, N.A.,<br><br>Defendants. | Civil Action No.: 20-14744-CCC-ESK |

**JOINT PROPOSED DISCOVERY PLAN**

1.      Set forth the name of each attorney appearing, the firm name, address and telephone number and facsimile number of each, designating the party represented.

**_For Plaintiff_**
The Law Offices of Robert J. Nahoum, P.C.
Robert J. Nahoum, Esq.
48 Burd Street, Suite 300
Nyack, NY 10960
Phone:  845-450-2906
Fax:  888.450.8640
Email: rjn@nahoumlaw.com

**_For Defendants_**
Aboyoun Dobbs LLC
Timothy J. Broking, Esq.
77 Bloomfield Avenue (Route 46 West)
Pine Brook, New Jersey 07058
Phone – 973 575 9600
Fax – 973 575 1925
Email: tbroking@aboyoundobbs.com

Aboyoun Dobbs LLC
Christopher Hartmann, Esq.
77 Bloomfield Avenue (Route 46 West)
Pine Brook, New Jersey 07058
Phone – 973-575-9600
Fax – 973-575-1925
Email:
hartmann.christopher@yahoo.com

2.      Set forth a brief description of the case, including the causes of action and defenses asserted.

In this proceeding relating to a vehicle sale and finance, Plaintiff seeks, among other things, statutory and actual money damages against Defendants for, *inter alia*, violations of the federal Truth In Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), the New Jersey

Consumer Fraud Act (the "CFA"), N.J.S.A. 56:8-1 et seq., and common law claims for fraud, breach of contract, and breach of warranty.

3.      Have settlement discussions taken place?  Yes_____No <u>XXX</u>

    (a)    What was plaintiff's last demand?  None

        (1)    Monetary demand: None
        (2)    Non-monetary demand: None

    (b)    What was defendant's last offer?

        (1)    Monetary offer:  None
        (2)    Non-monetary offer: None

4.      The parties have met pursuant to Fed. R. Civ. P.26(f):

5.      The parties have not exchanged the information required byFed. R. Civ. P. 26(a)(1). The parties intend to exchange information required byFed. R. Civ. P. 26(a)(1) within 14 days of the Initial Case Conference.

6.      Explain any problems in connection with completing the disclosures required by Fed R. Civ. P. 26(a)(1). None

7.      The parties have not conducted discovery other than the above disclosures.  If so, describe.

8.      Proposed joint discovery plan:

    (a)    Discovery is needed on the following subjects:

        Plaintiff: Facts, circumstances, documents and other information related to the sale of the subject vehicle to Plaintiff, financing of said sale and assignment of financing documents to defendant Capital One Auto Finance, Inc. a division of Capital One, N.A.

    (b)    Discovery should not be conducted in phases or be limited to particular issues. Explain.

    (c)    Responses to Interrogatories to be served by July 15, 2021.

    (d)    Proposed schedule:

        (1) Fed. R. Civ. P. 26 Disclosures March 17, 2021.

(2) E-Discovery conference pursuant to L. Civ. R. 26.1(d) May 28, 2021.

(3) Service of initial written discovery May 14, 2021.

(4) Maximum off 25 Interrogatories by each party to each other party.

(5) Maximum off 5 depositions to be taken by each party.

(6) Motions to amend or to add parties to be filed by May 3, 2021.

(7) Factual discovery to be completed by October 28, 2021.

(8) Plaintiff's expert report due on October 22, 2021.

(9) Defendant's expert report due on November 22, 2021.

(10) Expert depositions to be completed by December 22, 2021.

(11) Dispositive motions to be served within 60 days of completion of discovery.

(e)   Set forth any special discovery mechanism or procedure requested. None

(f)   A pretrial conference may take place on_____.

(g)   Trial date:_____(XXX Jury Trial;_____Non-Jury Trial).

9.   Do you anticipate any special discovery needs (i.e., videotape/telephone depositions, problems with out-of-state witnesses or documents, etc)?  Yes XXX No_____. If so, please explain. The parties anticipate that all depositions may be conducted virtually due to Covid_19 restrictions.

10.   Do you anticipate any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced? No.

   If so, how will electronic discovery or data be disclosed or produced?  Describe any agreements reached by the parties regarding same, including costs of discovery, production, related software, licensing agreements, etc.

11.   Do you anticipate entry of a Discovery Confidentiality Order? See L.Civ.R. 5.3(b) and Appendix S.  No.

12.   Do you anticipate any discovery problem(s) not listed above? Describe. No.

13.   State whether this case is appropriate for voluntary arbitration (pursuant to Local Civil

Rule 201.1 or otherwise) or mediation (pursuant to Local Civil Rule 301.1 or otherwise). If not, explain why and state whether any such procedure may be appropriate at a later time (i.e., after exchange of pretrial disclosures, after completion of depositions, after disposition or dispositive motions, etc.). The Parties anticipate that mediation may be beneficial at the close of discovery.

14.     Is this case appropriate for bifurcation? No.

15.     An interim status/settlement conference (with clients in attendance), should be held in _____.

16.     We do not consent to the trial being conducted by a Magistrate Judge.

17.     Identify any other issues to address at the Rule 16 Scheduling Conference.

**THE LAW OFFICES OF**
**ROBERT J. NAHOUM, P.C.**
*Attorneys for Plaintiff*

*/S/ Robert J. Nahoum*
       **ROBERT J. NAHOUM**
48 Burd Street, Suite 300
Nyack, NY 10960
(845) 450-2906
rjn@nahoumlaw.com

**ABOYOUN DOBBS LLC**
*Attorneys for Defendants*

*/S/ Timothy J. Broking*
       **TIMOTHY J. BROKING, ESQ.**
77 Bloomfield Avenue (Route 46 West)
Pine Brook, New Jersey 07058
Phone – 973 575 9600
Fax – 973 575 1925
Email: tjannicelli@aboyoundobbs.com